## CONSTRUCTION OF WILL.

[Circuit Court of Guernsey County.]

NANCY J. MILLER v. ALEXANDER MILLER ET AL.

Decided, November, 1906.

*Wills—Realty Devised to Son—With Remainder to Lawful Heirs—*
*Widow of Son Takes—Partition—Words and Phrases.*

Where a testator devises a parcel of real estate to his son for life with
remainder to his lawful heirs, and the son marries after the death
of the testator—*Held:* That upon the death of the son the wife
takes as heir where there is nothing in the will tending to show
that the testator used the words "lawful heirs" in a different sense
from their strict technical import.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

This was an action in partition and the controversy arises
upon the cross-petition of Nancy J. Miller. She claims in her
cross-petition that she is the widow of Peter Miller, who was
the son of Alexander Miller, and as such widow is the heir at
law of Peter Miller and the absolute owner, under the will of
Alexander Miller, of a part of the real estate sought to be
partitioned.

Alexander Miller disposed of all his property by his will
among his children, and the question is, what is the proper
construction of the will?

In the second item of his will he devised to his son Howard
a certain parcel of land during his life, and at his death to
go to his children.

In the third item he devised to his son Richard for life
a certain parcel of land, and at his death to go to his children.

By the fourth and fifth items he devised to his two daugh-
ters certain parcels of land absolutely.

By the sixth item he devised to his son Peter a parcel of land
during his life, and at his death to go to his lawful heirs.
The exact language is: "I give and devise to Peter the parcel
of land (naming it) during his life, and when he dies it is to
go to his lawful heirs."

Howard and Richard each were married and had children at
the time of the making the will, and at the death of the father,

while Peter was a bachelor, but was married after the death of his father. The brothers and sister of Peter claim that the intention of the father was that upon the death of Peter the parcel devised to him was to go to his children; or if he died without issue that the land at the death of Peter should go to his brothers and sisters.

The words "heirs at law" have well-defined legal signification. In their strictly technical import it is: "the person or persons appointed by law to succeed to the estate in case of intestacy." Bouvier's Law Dictionary, Vol. 2, page 941.

Under this definition there is no question but what plaintiff, Nancy J. Miller, was strictly and technically the heir of her husband, Peter Miller, as under our statute of descent she would inherit from her husband.

In *Weston* v. *Weston*, 38 O. S., 473, it was held:

"A testator, having executed his will giving, in trust for the benefit of his sole and only child, property consisting of non-ancestral real estate and personal property, and directing that 'in case my said child should die without issue her surviving, then all and singular the property so devised shall pass to and vest in my heirs at law,' died leaving surviving him his said child, and also his wife, a brother and two sisters who survived the child. *Held:* That upon the death of the child without issue, the widow of the testator succeeded to the property, under the will, as heir at law of the testator."

In the opinion of Judge McIlvaine it is said:

"We readily concur in the proposition laid down in *Jones* v. *Lloyd, supra,* that the term 'heirs,' when used in a will, is flexible, and should be so construed as to give effect to the manifest intention of the testator as ascertained by a due consideration of all the provisions of the will. But this proposition in no wise conflicts with the well established rule of construction, that technical words used in a will should have their strict technical meaning, unless it appears that the testator used them in some other and secondary sense."

In *Durfee* v. *McNeil*, 58 O. S., 244, in the opinion by Judge Shauck it is said:

"Under our present statute of descent and distribution the lands of a married woman who dies intestate and leaving no children or their representatives pass to her surviving husband,

and he is entitled to her personal estate. He may, therefore, with strict regard to the significance of the term, be designated as her heir. But from the fact that the estates of deceased persons usually descend to their children, the term heirs is frequently regarded as synonymous with children. It would be unprofitable to analyze, or even to cite, the numerous cases in which the term has been held to have been used in its general sense to designate any one capable of inheriting, or in its limited sense to designate children, as the testator's intention may appear from the scheme and all the provisions of his will. The flexibility of the term and the duty of the court to ascertain its meaning from a consideration of the entire will are brought into clear view in *Jones* v. *Lloyd,* 33 Ohio St., 572, where it was held that the testator's widow was not entitled to participate in a provision in favor of his heirs, although if he had died intestate she would have been his sole heir.''

The case of *Bunnell* v. *Evans et al,* 26 O. S., 409, relied upon by counsel, is in no sense contrary to the decisions referred to, as the question made was not passed upon; the only question decided being that the taking the will as a whole it clearly showed the word ''heirs'' as used by the testator was in the sense of children.

That it is true that the word ''heirs'' is a very flexible term may be conceded, and that it is frequently used in the sense of children there is no doubt, or even as devisees and legatees (*Todd* v. *Todd,* 6 C. C.—N. S., 105). If, however, there is nothing in the will or the surrounding circumstances showing that the testator used the words in a different sense from their strict technical signification, then that signification must be given to them.

What is there in this will that in any manner tends to show they were used by the testator in any sense different from what they usually mean?

Howard and Richard were married and had children; the devise therefore was to them during life and at their death to their children in fee.

Peter was single. He had no children. The devise was therefore to him and his lawful heirs. Evidently the testator meant that if Peter got married, the remainder was to go to his wife, and if he had children, then to his children, which in

either event would be his heirs; and if he did not get married, then the fee was to go to his brothers and sisters, who in that case would be his heirs.    Indeed, the context of the will' strengthens the claim of the widow.    The court of common pleas erred in sustaining a demurrer to the cross-petition of plaintiff in error, and the judgment will be reversed and the case remanded with instructions to overrule the demurrer and for further proceeding.

*John J. Adams* and *Abbe L. Jones*, for plaintiff in error.

*Robert T. Scott* and *Joseph Purkey*, for defendant in error.